UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ALONZO CLINTON WILLIAMS, III, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:23-CV-195-KAC-JEM |
| BLEDSOE DEPARTMENT OF CORRECTION and SOUTH CENTRAL DEPARTMENT OF CORRECTION, | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

Plaintiff, a prisoner in the custody of the Tennessee Department of Correction ("TDOC") allegedly housed in the Bledsoe County Correctional Complex ("BCCX"), has filed (1) a pro se complaint under 42 U.S.C. § 1983 [Doc. 1], (2) a motion for an extension of time within which to file a motion to proceed *in forma pauperis* [Doc. 4], and (3) a motion for leave to proceed *in forma pauperis* [Doc. 5]. For the reasons set forth below, the Court **GRANTS** Plaintiff's motions [Docs. 4, 5] and **DISMISSES** the Complaint [Doc. 1] for failure to state a claim.

I. **REQUEST TO PROCEED *IN FORMA PAUPERIS***

Plaintiff's motion for an extension of time to file his motion to proceed *in forma pauperis* [Doc. 4] demonstrates good cause for an extension. *See* Fed. R. Civ. P. 6(b). Accordingly, the Court **GRANTS** the Motion *nunc pro tunc* to June 2, 2023—the date Plaintiff filed the Motion. Further, it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5] that he is unable to pay the filing fee in one lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, the Court **GRANTS** this Motion too.

Plaintiff will be **ASSESSED** the three hundred fifty dollar ($350.00) civil filing fee. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, United States District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six months before the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's file and follow him if he is transferred to another correctional institution.

## II.  COMPLAINT SCREENING

### A.  Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. §§ 1915(e)(2)(B); *see also Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme

2

Case 3:23-cv-00195-KAC-JEM   Document 6   Filed 07/10/23   Page 2 of 8   PageID #: 30

Court articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. However, the Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**B.     Allegations of Complaint**

On June 13, 2022, Plaintiff was transported from the BCCX to the South Central Correctional Facility ("SCCF") [Doc. 1 at 3]. At the SCCF, Plaintiff went through processing and placed his property in his cell, which was located on the top floor in the C pod unit [*Id*. at 4]. Plaintiff made a brief telephone call to his wife, went to speak to someone he knew in the unit, and then placed another telephone call to his wife [*Id*.]. During this second telephone call, Plaintiff looked up to see Brian Harshaw, an inmate Plaintiff was convicted of assaulting in 2013, enter the cell Plaintiff had been assigned [*Id*.]. Once Plaintiff completed his telephone call, Harshaw, who by this time had exited Plaintiff's cell and walked closer to Plaintiff, asked Plaintiff if he recalled

3

shooting him [*Id.*]. Plaintiff responded, "no" and returned to his cell [*Id.*]. Harshaw asked Plaintiff to "pack [his] stuff" and leave, which Plaintiff agreed to do [*Id.*]. Once Plaintiff walked out of the cell, Harshaw punched Plaintiff and stabbed him twice before Plaintiff was able to get to the other side of the unit and sit on the steps [*Id.*]. Harshaw then ran out of the unit with another inmate [*Id.* at 4-5]. Plaintiff had only been at the SCCF for four (4) or five (5) hours when the attack occurred [*Id.* at 6].

Plaintiff sat on the steps bleeding "badly" for approximately ten (10) minutes before officers appeared with a wheelchair to take Plaintiff to medical [*Id.* at 5]. Officers "held" Plaintiff in medical for "another hour [and] thirty minut[e]s waiting on a[n] ambulance" [*Id.*]. Plaintiff was transferred from an ambulance to a helicopter and airlifted to Tristar Trauma Unit in Nashville, Tennessee [*Id.*]. The hospital "stitch[ed]" Plaintiff's stab wounds, and Plaintiff was sent back to the SCCF for one (1) day before being transferred to the Turney Center Industrial Complex ("TCIX") [*Id.*]. Before Plaintiff left the SCCF, the Warden told Plaintiff that the BCCX should not have sent him to the SCCF knowing that he was charged with assaulting Harshaw [*Id.* at 6]. The Warden stated that the camera footage at the SCCF showed that Harshaw left his unit and walked to Plaintiff's unit and stabbed him [*Id.*]. He also stated that Harshaw had received "two years and like two months in the hole for stabbing" Plaintiff [*Id.*]. Once at the TCIX, Plaintiff filed grievances "on what had happened" [*Id.* at 5]. The SCCF did not update the TCIX "on what had happened to [Plaintiff,] neither did they give . . . [him] [his] medication" [*Id.*].

Plaintiff filed this civil action against Defendants "Bledsoe Department of Correction" and "South Central Department of Correction" seeking monetary damages and seeking to "make sure he's charged for what he['s] done" [*Id.* at 3, 7]. In context, it appears that the "he" Plaintiff references in Harshaw. Attached to Plaintiff's Complaint is a "Petition for Decl[a]ratory Order"

4

that he filed with the TDOC [*See* Doc. 1-1]. He attaches this Petition for Declaratory Relief to demonstrate that he "followed all the right procedures" [*See id*. at 5].

C. **Analysis**

To state a claim against any Defendant for relief under 42 U.S.C. § 1983, Plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See* 42 U.S.C. § 1983. The only Defendants named in this action are the BCCX (identified by Plaintiff as "Bledsoe Department of Correction"), and the SCCF (identified by Plaintiff as "South Central Department of Correction") [*See* Doc. 1 at 3]. Both of which are state prisons. Specifically, the BCCX is a state prison under the control of the TDOC, while the SCCF is a state prison privately managed by CoreCivic. *See* Tenn. Dep't of Corr., "*State Prison List*," https://www.tn.gov/correction/sp/state-prison-list.html (last visited July 7, 2023).

1. **BCCX**

The TDOC is an arm of the State of Tennessee, and as such, a suit against a TDOC facility is a suit against the State of Tennessee. *See Hix v. Tenn. Dep't of Corr*., 196 F. App'x 350, 355 (6th Cir. 2006) (holding TDOC is equivalent of the "State"). But "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *Hix*, 196 F. App'x at 355 (holding TDOC is not a "person" within meaning of 1983). Therefore, the BCCX is not amenable to suit.

Additionally, the Eleventh Amendment prohibits suits against a state or its agencies in federal court for damages, unless Congress has abrogated immunity, or the state has expressly waived it. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-101 (1984); *Quern v. Jordan*, 440 U.S. 332, 345 (1979). This immunity extends to claims for injunctive and equitable relief. *See Lawson v. Shelby Cnty*., 211 F.3d 331, 335 (6th Cir. 2000) ("[T]he [Eleventh]

5

Case 3:23-cv-00195-KAC-JEM   Document 6   Filed 07/10/23   Page 5 of 8   PageID #: 33

Amendment prohibits suits against a 'state' in federal court whether for injunctive, declaratory[,] or monetary relief."). The State of Tennessee has not waived its immunity to suit under Section 1983. *Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under Section 1983). Therefore, as an agency of the State, the BCCX is entitled to Eleventh Amendment immunity. *See Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997). Because Plaintiff cannot maintain suit against a TDOC facility, including BCCX, the Court will **DISMISS** the Bledsoe County Correctional Complex (identified by Plaintiff as "Bledsoe Department of Correction") from this action.

2. SCCF

Plaintiff's claims against the SCCF are essentially against CoreCivic—the entity that manages SCCF. *See Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) ("A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996))). Municipal liability standards apply to claims against private corporations that operate prisons. *Id.* at 748-49. As such, the SCCF cannot be subject to Section 1983 liability merely because it employed someone who allegedly violated Plaintiff's constitutional rights. Put differently, it cannot be held liable solely "on a *respondeat superior* theory." *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Rather, to demonstrate that CoreCivic bears liability as alleged, Plaintiff must identify a policy or custom of the company and show that his particular injury occurred due to the execution of that policy or custom. *See Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citation omitted); *see also Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (holding that plaintiff must allege "a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights).

Plaintiff has not set forth any facts regarding any policy or custom of CoreCivic. Nor could the Court infer from the facts alleged that any a policy or custom of CoreCivic was the moving force behind the alleged violations of Plaintiff's constitutional rights. Therefore, the Court will **DISMISS** any claims against South Central Correctional Facility (identified by Plaintiff as "South Central Department of Correction") in this action.

### 3. Criminal Charges

Finally, Plaintiff asks the Court "to make sure he's charged for what he['s] done" [Doc. 1 at 7]. In context, it appears that the "he" Plaintiff references in Harshaw [*See id.*]. The decision regarding whether to initiate a criminal prosecution rests with a prosecutor, not the Court. *See, e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). And a private citizen has no protected legal interest in the investigation or prosecution of a crime. *See Collyer v. Darling*, 98 F.3d 211, 222 (6th Cir. 1996) (noting the absence of law allowing a Section 1983 action to force the state to prosecute). Therefore, the Court cannot grant Plaintiff this requested relief.

### III. CONCLUSION

For the reasons set forth above:

1. The Court **GRANTS** Plaintiff's motion for an extension of time to file his motion to proceed *in forma pauperis* [Doc. 4] *nunc pro tunc* to June 2, 2023;

2. The Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5];

3. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

4. The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit the filing fee to the Clerk in the manner set forth above;

5. The Court **DIRECTS** the Clerk to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

7

6. Even liberally construing the Complaint in the light most favorable to Plaintiff, it fails to state any claim upon which relief may be granted under Section 1983;

7. Accordingly, the Court **DISMISSES** this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

8. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER**.

**ENTER:**  s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge